UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GABRIEL GONZALEZ,
    Plaintiff,

v.

WATERBURY POLICE DEPT., et al.,
    Defendants.

No. 3:12-cv-478 (SRU)

## ORDER

This case arises out of a police "sting" operation that resulted in a high-speed chase and ultimately the arrest of Gabriel Gonzalez. Gonzalez alleges that the defendant police officers used excessive force both in the officers' unsuccessful attempt to seize him during the high-speed pursuit and their subsequent successful attempt to place him under arrest. Such conduct, Gonzalez claims, was in violation of 42 U.S.C. § 1983 and Connecticut state law, Conn. Gen. Stat. § 14-283a. In addition to claims filed against the individual officers, Gonzalez alleges a section 1983 violation against the City of Waterbury based on the Waterbury Police Department's (the "Department") alleged failure to train, supervise, and discipline the defendant police officers.

On May 5, 2015, I conducted oral argument on the defendants' partial motion for summary judgment (doc. # 67). *See* Doc. # 99. I granted summary judgment on Counts III, IV, and VIII in their entirety. With respect to Count I, I granted summary judgment on all allegations except the Fourth Amendment claims against Richard Hamel, Jason Lanoie, Max Torres, and Tim Jackson. The Fourth Amendment claims against those defendants will proceed to trial.

With respect to Count II, I granted summary judgment in favor of the City of Waterbury with respect to Gonzalez's claim of failure to train, and I took under advisement his claim of failure to supervise and discipline its officers. I ordered the City to produce information regarding all claims of excessive force from 2005 to 2010, along with information regarding the investigations of those claims, the results of those investigations, and any imposed discipline.

With respect to Counts V-VII, I granted summary judgment in favor of the defendants with the exception of the claims against Hamel, Lanoie, Torres, and Jackson. The claims against those defendants will proceed to trial. As a result of my ruling, I dismissed defendants Robert Liquindoli, James Dickey, and Eduardo Rivera from the lawsuit.

On July 7, 2015, I held a telephone conference with the parties regarding the defendants' purported inability to produce documents of past excessive force complaints and investigations, which related to the portion of Count II that I took under advisement ("the *Monell* claim").[1] I ordered the parties to determine whether and to what extent the Waterbury Police Department destroyed documents related to excessive force complaints from 2005 to 2010, and who in the department ordered the destruction of such documents.

On August 10, 2015, I held another telephone conference with the parties after Gonzalez noticed three depositions and issued corresponding subpoenas duces tecum. During the call, I held that the subpoenas were proper to the extent that they sought information that I had previously determined to be relevant to the *Monell* claim. I reminded counsel for Gonzalez that the scope of the depositions was limited to information regarding excessive force claims from 2005 to 2010 and the circumstances of the Department's destruction of relevant documents.

---

[1] I refer to it as a *Monell* claim because the remaining claim asserted in Count II relates to the City of Waterbury's liability under 42 U.S.C. § 1983, which is governed by *Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978), and its progeny.

2

Thereafter, Gonzalez was able to take the depositions of Waterbury Police Department Sgt. Mark Russo, Sgt. Anthony Alvelo, and William Covel. On January 24, 2016, Gonzalez filed a supplemental memorandum objecting to defendants' motion for summary judgment on the *Monell* claim (Count II). *See* Doc. # 129. In his motion, Gonzalez argues that he has raised a genuine issue of material fact with respect to the Department's knowledge about its officers' past unconstitutional practice of using excessive force, and, if the jury were to resolve that issue in his favor, the jury could find the Department knew or should have known that its inadequate supervision was so likely to result in an unconstitutional use of excessive force that it constitutes deliberate indifference.

The defendants respond by asserting that Gonzalez's arguments in his supplemental memorandum should be disregarded because they were never raised in his initial opposition to the motion for summary judgment. Specifically, defendants argue that Gonzalez attempts to raise an issue of fact using Dr. R. Paul McCauley's opinions, which were not disclosed as part of Gonzalez's original Local Rule 56(a)(2) Statement.

Even if it were proper to consider the opinions of Dr. McCauley at this stage of the litigation, defendants contend that Gonzalez has failed to establish any evidence creating a genuine issue of material fact with respect to the issue about which I permitted additional discovery. Defendants point out that, in order to resolve the outstanding motion for summary judgment on the *Monell* claim, I gave Gonzalez an opportunity to discover and present evidence of prior excessive force claims and the investigations of those claims. Defendants argue that Gonzalez's supplemental objection to the motion for summary judgment does not present such evidence.

I.   Discussion

I need not rule on the admissibility of Dr. McCauley's expert opinion because I conclude that neither his opinion, nor any evidence disclosed as a result of the extended discovery, has created a genuine issue of material fact pertinent to the availability of summary judgment on the *Monell* claim.  For the following reasons, I grant summary judgment on the *Monell* claim (Count II) in favor of the City of Waterbury.

For suits filed under 42 U.S.C. § 1983, a municipality is not vicariously liable for the torts of its employees or agents.  *Monell*, 436 U.S. at 691; *see also, e.g.*, *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 405 (1997).  As a precondition to liability under section 1983, "the governmental body itself [must] 'subject[]' a person to a deprivation of rights or 'cause[]' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Therefore, in order for municipal or official capacity liability to be imposed, there must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003) (explaining that plaintiff must show that municipality is actually responsible for her injury).

One way of establishing that a municipality directly caused the alleged constitutional deprivation is by demonstrating that the municipality failed to adequately supervise and/or discipline its employees.  *See Reynolds v. Giuliani*, 506 F.3d 183, 193 (2d Cir. 2007).  A claim of failure to adequately supervise or discipline rests on the ability of a plaintiff to prove that: (1) the defendants "should have known their inadequate supervision was so likely to result in the alleged deprivations so as [to] constitute deliberate indifference"; (2) there were "obvious and severe deficiencies in the . . . defendants' supervision that reflect a purposeful rather than negligent

4

course of action"; and (3) there was "a causal relationship between the failure to supervise and the alleged deprivations to plaintiffs." *Id.*

There is no question that the term "deliberate indifference" is meant to encompass purposeful or reckless conduct, not mere negligence. *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012). There are several ways to establish that a municipality's failure to supervise or discipline constituted deliberate indifference. The plaintiff may show that "a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." *Id.* Typically, that involves establishing a "pattern of similar constitutional violations" to the one alleged in the complaint. *See Connick*, 563 U.S. at 62. A plaintiff may "show a sufficiently widespread practice among police officers of [unconstitutional] abuse of the rights of [civilians]." *See Jones*, 691 F.3d at 82. A plaintiff may also show that Department officers were in some way predisposed to unconstitutional action against certain individuals and such predisposition was known, or should have been known, to the supervisory personnel who did not act to counter it. *Id.* Finally, a plaintiff may establish deliberate indifference by showing that supervisory personnel were inclined to violate constitutional rights and that inclination had been "communicated to line officers so as to give them the sense that they could engage in such abuse of rights without rising appropriate disciplinary consequences." *Id.* In other words, a municipality would be liable if it explicitly or implicitly sanctioned such conduct by communicating that such conduct would be overlooked.

If, however, plaintiff offers no evidence of a pattern of unconstitutional conduct or a top-down custom, policy, or practice encouraging unconstitutional behavior, the municipality is not liable. *See id.* In *Jones*, the Second Circuit affirmed the district court's judgment as a matter of

5

law in favor of the defendant because the plaintiff failed to establish a custom, policy, or usage of not disciplining officers who had violated the constitutional rights of black people. *See id.* Though there was ample evidence of unconstitutional conduct by individual officers, there was no evidence that such conduct was attributable to a custom or policy of the department. *Id.* Failure to show a widespread pattern of abusive conduct towards black people made it impossible for the plaintiff to establish that the supervising officers knew or should have known of such conduct. *Id.* Without being able to establish such knowledge or recklessness on the part of the supervising officials, the plaintiff in *Jones* could not make out a *Monell* claim. *See id.*

Even in circumstances where the supervisory official should have reviewed prior complaints of misconduct, *Monell* liability can only be established if the official's conduct rises beyond the level of mere negligence. *Atwood v. Town of Ellington*, 427 F. Supp. 2d 136, 148 (D. Conn. 2006). In *Atwood*, the court held that a municipality was not liable for a supervisor's failure to screen a subordinate who had a past history of sexual misconduct. *See id.* The court held so notwithstanding the fact that the supervising official acknowledged that he failed to review the complaint against the employee and that, had he reviewed the complaint, he would have taken it into consideration in deciding whether to reappoint the employee. *See id.*

The substance of Gonzalez's allegations, both in the original opposition to the motion for summary judgment and in his supplemental objection, raise sweeping concerns about the competency of Waterbury's Internal Affairs Division. He does not, however, identify any incidents where the division received a complaint like Gonzalez's and failed to address it. Though he attempts to establish a pattern or practice of police misconduct by providing a summary of lawsuits filed against Waterbury police officers, that information only weakens his position. Out of the thousands of arrests that occurred in the City of Waterbury during the

relevant period, there were only a handful of complaints of excessive force. Most importantly, only one of those cases resulted in a judgment in favor of the plaintiff. *See* Pl.'s Ex. 13 (doc. # 88-2). The information cited by Gonzalez does not establish a pattern or practice of unconstitutional deprivations.

At oral argument in May 2015, I took the motion for summary judgment on Count II under advisement in order to permit Gonzalez to substantiate his *Monell* claim after further discovery. I granted limited discovery regarding excessive force complaints that occurred from 2005 to 2010. If Gonzalez were able to uncover a substantial number of excessive force complaints, he might have been able to prove that the Department was on notice of the likelihood that its officers would engage in the use of unconstitutionally excessive force. If so, Gonzalez might have been able to prove that the City of Waterbury was liable for its failure to adequately supervise or discipline its officers in the face of a known likelihood of future constitutional violations.

After conducting such discovery, Gonzalez has failed to establish a pattern or practice of unconstitutional deprivations by Waterbury police officers. At most, Gonzalez was able to obtain further information regarding the alleged lack of competence of the Internal Affairs Division ("IAD"). To the extent that he attempts to establish *Monell* liability on the basis of the Department's failure to adequately investigate Gonzalez's own allegations of excessive force, such an attempt is futile. One cannot use the municipality's conduct after the fact to show that the municipality's prior practice caused the unconstitutional deprivation.

To the extent that Gonzalez has uncovered information regarding the general lack of competence of the IAD, such information does not create a genuine issue of material fact with respect to municipal liability. At most, it suggests that the IAD was negligent in its investigation

of complaints lodged against Department officers. Because Gonzalez fails to establish a pattern or practice or excessive force violations, he cannot establish that the Department knew or should have known that its suboptimal complaint procedure was so likely to result in the alleged deprivations that the procedure constituted deliberate indifference. *Reynolds*, 506 F.3d at 193. Accordingly, Gonzalez cannot establish a "direct causal link between the municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. at 385.

## II.     Conclusion

For the foregoing reasons, the City of Waterbury's motion for summary judgment on Count II of the amended complaint (doc. # 67) is granted. The City of Waterbury is dismissed from this case.

So ordered.

Dated at Bridgeport, Connecticut, this 11th day of March 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge